## GREELEY v. WINSOR et al.

When in an action a demurrer to the complaint has been sustained, and judgment entered dismissing the complaint, it is error to allow plaintiff to serve and file an amended complaint, without first setting aside or vacating the judgment of dismissal.

(Syllabus by the Court.  Opinion filed June 3, 1892.)

Appeal from circuit court, Minnehaha county.  Hon. FRANK R. AIKENS, Judge.

This was an action upon an undertaking against loss or decrease in rents.  Defendants' demurrer was overruled in court below, and on appeal was reversed.  Remanded, with order that it be dismissed and judgment be entered against plaintiff for costs.  The

judgment for costs was satisfied.   Respondent was then allowed by court below to file an amended complaint, from which order defendants appeal.   Reversed.

The facts are stated in the opinion.

*Winsor & Kittredge*, for appellants.

The judgment entered in the case at bar was the final determination of the rights of the parties, and plaintiff could then only have either asked to have the judgment vacated and leave given to file an amended complaint or commence a new action.   Section 5024, Comp. Laws.

*Wynn & Nock*, for respondent.

The judgment entered in the court below in the case at bar was not final and the complaint could be amended.   Freeman on judgments, § 16; Lilse v. Rhea, 9 Mo. 172; sections 4715, 4938, 4941 and 5236, Comp. Laws.

BENNETT, J.  The above-entitled action was tried by the court below upon a demurrer interposed to the complaint by the defendants, which demurrer was overruled, and defendants appealed.   The decision of the lower court was reversed, and a judgment was rendered directing the circuit court to sustain the demurrer, and in addition adjudged that the defendants recover the sum of $150.60, the costs of the appeal.   A remittitur was sent down to the circuit court ordering "that the case be, and is hereby, remanded to the circuit court for further proceedings according to law and the judgment of this court."   On the day of its reception the remittitur was filed in the office of the clerk of the court, and the defendants caused a judgment to be entered in the court below, as follows:   "It is ordered and adjudged that the said judgment of said supreme court be, and the same is hereby, made the judgment of this court, and that the said demurrer be, and the same is hereby, sustained, and that the plaintiff's complaint herein be, and the same is hereby, dismissed."   An execution was issued for the collection of the costs upon the appeal, which execution was returned fully satisfied.   Subsequent to the return of the execution the plaintiff served a notice upon the defendants of a motion for leave to serve an amended complaint.   On the day of the hearing of the motion the court made an order granting the plaintiff leave to

serve his proposed amended complaint. From this order the de-
fendants appeal.

The only question in the case is whether an amended com-
plaint in an action can be filed when the original complaint has
been dismissed, without an order setting aside or vacating the
judgment of dismissal. The judgment entered in the case at bar
was "that the plaintiff's complaint herein be, and the same is
hereby, dismissed." Then follows a judgment for costs. The
complaint being dismissed, there was no foundation upon which
the action could rest, and it clearly seemed to be a final termina-
tion of the case, and no action pending. In 2 Wait, Pr. p. 517,
the author says: "A complaint once dismissed so far terminates
the action that no motion or proceeding can be had in the case
except for the purpose of carrying into effect the order of dis-
missal. In special cases, however, and upon proof that substantial
justice requires it, the court will always entertain and grant a
motion to sustain the complaint." In the case of Tillspaugh v.
Dick, 8 How. Pr. 33, PARKER, J., says: "The dismissal of the com-
plaint was a judgment in favor of the defendant, and entitled him
to receive whatever items of costs are given by the Code for serv-
ices rendered." In Taft v. Transportation Co., 56 N. H. 417, the
court says: "The entry 'dismissed' by order of court appears to
have been devised by the court for the purpose of absolutely put-
ting an end to such defective actions. * * * The term 'dis-
missed' acquires a technical meaning in suits at law in our prac-
tice. I think that under the rule spoken of by Judge BELL, and
ever since under our practice, the term 'dismissed' has signified a
final ending of the suit; not a final judgment on the controversy,
but an end of that proceeding." The abstract before us shows
there was no motion or application to vacate or set aside the
judgment of dismissal, and we presume, therefore, it was not done.
We must also presume upon the rejectments of the judgment of
the court below, unless the contrary is shown. If the court caused
an erroneous judgment to be entered, or an imposition had been
practiced upon it, there can be no doubt the court would have
been prompt in rectifying any error or injustice done the plain-
tiff, whenever its attention was called to the fact. The judgment

entered appearing to be regular, and no steps being taken to remove it, it must stand, with all its full force and effect. As the record stands, we must hold that it was error to have allowed the amended complaint to be served, and that order must be reversed.