## Grand Prairie Co-operative Grain Association v. Michael Riordan et al.

1. AMENDMENTS—*Power of the Court to Allow at a Subsequent Term.* —A court does not lose its powers to grant leave to amend a declaration because two terms have passed since a demurrer was sustained to it.

2. EVIDENCE—*Efforts to Settle, Inadmissible.*—When an unsuccessful attempt has been made by a corporation to effect a settlement with a defaulting official, what the individual members of a committee, appointed for that purpose, may have said while trying to bring about the settlement, is inadmissible.

Debt, upon an officer's bond. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

DANIEL H. PADDOCK and E. E. DAY, attorneys for appellant.

W. L. RICHARDSON and W. R. HUNTER, attorneys for appellees.

458    APPELLATE COURTS OF ILLINOIS.

VOL. 61.] Grand Prairie Co-operative Grain Ass'n v. Riordan.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant, a corporation, employed one John H. Lenny, as agent, to conduct its business. Lenny gave bond for the faithful performance of his duty in the sum of $2,000 with appellees as sureties.

Claiming that Lenny was a defaulter, appellant subsequently brought suit upon the bond, and Lenny was also indicted for embezzlement. A compromise of the civil suit was effected, whereby appellees paid appellant $308, in full discharge of the bond. Lenny was subsequently tried upon the indictment and acquitted.

This suit followed for the purpose of recovering the $308 so paid to appellant. The alleged ground of recovery, as set up in the declaration, was a promise by appellant to pay back the money in the event of Lenny's acquittal upon a trial of the criminal charge. Such promise was denied by appellant, but the jury found for appellees and judgment was rendered in their favor for $308 and costs.

A general demurrer to the declaration was sustained at the January term, 1893, and no further action was taken in the case until after two terms had passed, when appellant moved to strike the cause from the docket. Appellees then asked leave to amend their declaration, which was granted, and the motion to strike from the docket overruled.

There is no force in the contention of appellant, that because two terms intervened the sustaining of the demurrer and the asking leave to amend the declaration, the case should have been stricken from the docket. The court did not lose jurisdiction of the case and had full power at the subsequent term to allow the amendment.

We are of the opinion, however, that the evidence was wholly insufficient to sustain the verdict. The only evidence of the alleged promise was that of appellee Michael Riordan, and there was opposed to that the testimony of six directors of appellant, and the clerk of the board, that no such promise was made. Even King, Riordan's co-plaintiff, did not corroborate him.

The facts as disclosed by the record are that after a defalcation was claimed the board of directors appointed a committee to effect a settlement with appellees as bondsmen for Lenny. The committee failed to effect a settlement and the matter was referred back to the board and a compromise was there made for $308. What individual members of the committee may have said, while trying to bring about a settlement, could not be considered as evidence of a promise.

The judgment is reversed and the cause remanded.