## WEATHERER et al. v. HERRON et al.

Where an order sustaining a demurrer is affirmed, the trial court on motion may allow amendments, and should do so in the furtherance of justice, though the order provided no time within which the pleading might be amended.

Where, in a suit to enjoin county officers from issuing bonds for a courthouse and site, plaintiffs' amended complaint alleged that, in calling an election to submit the bond proposition to the people, defendants failed to state certain matters which should have been set forth, a proposed amendment alleging that defendants never passed any resolution at any regular meeting authorizing the auditor to call an election to vote on the bond issue, and that the board was never called in special session to vote on a resolution calling an election for that purpose, or upon any resolution authorizing the auditor to call an election, without alleging that the fact previously alleged with reference to calling of the session of the board, conceded in the amended complaint, was a mistake, was properly disallowed, in the exercise of the trial court's discretion, as omitting material facts contained in the former pleading.

(Opinion filed June 28, 1911.)

Appeal from Circuit Court, Potter County. Hon. LYMAN T. BOUCHER, Judge.

Suit by Joseph Weatherer and others against J. S. Herron and others, as County Commissioners of Potter County, and C. M. Breene, as County Auditor. From an order denying plaintiff's motion to amend their amended complaint, they appeal. Affirmed.

*Albert Gunderson,* for appellants. *Gaffy & Stephens* and *D. J. O'Keefe,* for respondents.

WHITING, J. This action was brought by the plaintiffs, residents and taxpayers of Potter county, seeking to have the trial court enjoin the defendants, commissioners and auditor of such county, from issuing the bonds of said county to raise money for the purchase of a site for and the erection of a courthouse in and for said Potter county. The defendants demurred to the amended complaint, which demurrer was sustained; the order sustaining the demurrer containing no provision allowing plaintiffs to further amened their complaint. The plaintiffs appealed from the order sustaining the demurrer, and this court, in Weatherer et al. v. Herron et al., 25 S. D. 208, 126 N. W. 244, affirmed the trial court. Plaintiffs then moved the trial court for an order allowing them to serve and file a second amended complaint, copy of which was attached to the motion papers; the motion papers reciting that the motion was made "upon the records and files in this action, the amended complaint, demurrer, order sustaining the demurrer, and the order of the Supreme Court." Plaintiffs' motion was denied; the order denying same in no manner reciting the grounds upon which the court based its refusal to allow the service and filing of such proposed amended complaint. It is from this order, denying leave to amend their amended complaint, that plaintiffs have now appealed to this court.

[1] The appellants in their brief assume that the proposed amended complaint states a good cause of action, under the opinion of this court as announced upon the former appeal, and they seem to assume that the trial court took the position that they had no right to amend after the judgment of this court upon the former appeal. The only point which appellants make, and upon which authority is cited, is that "on the remand of a case for further proceedings, without direction, the pleadings may be amended." Upon this proposition respondents make no issue, and we think the law well settled that, upon the sustaining of a demurrer, the court should be liberal in allowing amendments to the pleading attacked, and that, where the order sustaining a demurrer does not provide for time within which to amend the pleading, yet, even after affirmance of such order upon appeal, the trial court still has the power, upon motion, to allow amendments,

and should do so where, upon the whole record, it appears that justice will be furthered thereby.  Respondents contend that there was no abuse of discretion on the part of the trial court, and no wrong done the appellants in refusing their motion, for the reason that appellants omitted from their proposed complaint, allegations of facts conceded in their first amended complaint, and appellants in no manner excused such omission by any showing that such allegations in the former pleading had been made, owing to any mistake of fact or inadvertence.

[2] It will be noted that the motion to amend was based in part upon the amended complaint, so that the allegations therein stood conceded as true.  Conceding that appellants had a right to properly amend their complaint, we think it must be also conceded that appellants cannot of right ask. to be allowed to serve and file a proposed complaint from which there has been omitted material facts contained in the former pleading, where there is no claim of error or mistake in the allegations of such former pleading.  In the proposed pleading, appellants seek to allege that the defendant commissioners never passed any resolution, at any regular or general meeting of said board, authorizing the defendant auditor to call an election in said county for the purpose of voting on the question of issuing said bonds, and that such board was never called in special session, for the purpose of voting upon a resolution calling an election for the purpose of voting on the question of issuing bonds, or upon any resolution authorizing the auditor to call such election.  In the first amended complaint the appellants virtually conceded that, at a special session of defendant board called for the purpose of making a tax levy, said board had taken some action and passed some resolutions pertaining to the calling of a bond election; but appellants alleged in such amended complaint "that in calling said election, or attempting to submit said proposal of bonds to the people of the county, the said defendants * * * failed to indicate or state" certain matters which appellants alleged should have been set forth.  It was certainly due the court and the defendants that the appellants, when seeking to be allowed to serve and file a further amended complaint,

state fully and fairly therein the exact facts as they existed in relation to the action taken by the defendants, instead of denying that any action was taken. We do not think there was any abuse of discretion on the part of the trial court in denying an amendment which, under the record presented, did not present the true facts fully to the said court.

The order of the trial court is affirmed.