KOENKAMP, Respondent, v. PICASSO, et al, Appellant.

(249 N. W. 749.)

(File No. 7322. Opinion filed July 31, 1933.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellants.
*Leo M. Fitzpatrick,* of Sioux Falls, for Respondent.

RUDOLPH, P. J.     The plaintiff seeks to recover damages on account of certain injuries received while employed by defendants. The trial court overruled a demurrer to the complaint, and the defendants have appealed, and have argued in this court only the sufficiency of the facts to state a cause of action. The appellants contend first that no actionable negligence on the part of the defendants is alleged. The complaint alleges that the plaintiff, a fourteen year old boy, was in the employ of the defendants, that the defendants had elected not to operate under the Workman's Compensation Law, and that the plaintiff, while in the employ of the defendants, was ordered by the defendants to oil and grease a certain stationary engine. Paragraph 8 of the com-

plaint then alleges: "That said engine was, at the time and place aforesaid, being operated by the Defendants under very hazardous conditions by reason of the defective manner in which said engine was placed upon a platform without proper safeguards to prevent said engine from moving while in operation." This, perhaps, is a sufficient allegation of negligence to comply with the rule that the complaint should contain allegations of the negligent acts or omissions of the defendants; however, nowhere in the complaint (which is voluminous and contains much surplusage) is there any allegation that defendants knew of the alleged defective installation, nor are there facts alleged from which it might be said that the defendants had constructive knowledge of such defective installation. "The master's liability for injuries to a servant arising from defects in the place for work, or in the machinery or appliances, is dependent upon his knowledge, actual or constructive, of such defects. If he knew, or should have known, by the exercise of reasonable care and diligence, of their existence, he is liable, negligent ignorance being equivalent to knowledge, but if he had no knowledge of the defects in such working place or in the machinery or appliances and his ignorance was not the result of want of due care, he is not liable." 39 C. J. 430.

Neither is there any allegation in the complaint that the alleged defective installation of the engine was the proximate cause of the injuries suffered by plaintiff. It is alleged in paragraph 18 of the complaint that, while plaintiff was oiling and greasing the engine, "the engine moved from the platform while in operation in such a manner that the right arm of the said Albert Koenekamp, Plaintiff, became caught in said engine." We have carefully searched this complaint, and can find nowhere any allegation to the effect that the engine moved from the platform at the time in question because of the defective installation. It seems hardly necessary to state that many different instances suggest themselves to our minds, which might have caused this engine to move, other than the alleged defective installation.

Section 10015, Rev. Code 1919, as amended by chapter 308, Laws of 1923, is as follows: "No child under fourteen years of age shall be employed at any time in any factory or workshop or about any mine, nor shall he or she be employed in any mercantile establishment except during the vacation of the public schools, or

outside of school hours, but in no case after seven o'clock p. m. No child under sixteen years of age shall be employed at any time in any occupation dangerous to life, health or morals."

The complaint contains allegations which, perhaps, might be said to be an attempt to state a cause of action under the above-quoted section of our Code. The plaintiff, it is alleged, was fourteen years old at the time in question, and it follows that the only possibility of this action coming within the meaning of this Code provision would be that the plaintiff (being under sixteen years of age) was employed in an "occupation dangerous to life, health or morals." Obviously, oiling and greasing an engine is not dangerous to health or morals. To uphold the complaint as stating a cause of action, it is evident that we would have to say that the occupation of oiling and greasing this engine was such an occupation as is dangerous to life. This we do not believe would be reasonable or justified. We have been able to find no authority that is helpful and we have been cited none. Just what occupation could be classified as dangerous to life it is not necessary for us to now determine. The mere statement, however, seems to make it clear that oiling and greasing this stationary engine was not an occupation dangerous to life.

The order appealed from is reversed.

POLLEY, CAMPBELL, and ROBERTS, JJ., concur.

WARREN, J., not sitting.