KOENKAMP, Respondent, v. PICASSO, et al, Appellants.

(260 N. W. 623.)

(File No. 7754. Opinion filed April 16, 1935.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellants.
*Danforth & Davenport,* of Sioux Falls, for Respondents.

RUDOLPH, J. On July 31, 1933, this court handed down an opinion in this case wherein it was held that the court erred in overruling a demurrer to the complaint. See same title, 61 S. D 456, 249 N. W. 749. The remittitur in the case was filed in the circuit court of Minnehaha county on September 13, 1933. On October 21, 1933, the trial court made its order sustaining the demurrer to the complaint, which order is as follows:

"The Order of the Court heretofore made overruling defendant's demurrer to plaintiff's complaint, having been appealed to the Supreme Court of South Dakota and the Order of this Court overruling said demurrer having been reversed and the said appeal having been remanded to this Court and remittitur sent down and received by this court upon the decision of the Supreme Court of South Dakota on said appeal,

"Now, therefore, pursuant to said remittitur, it is by the Court ordered and adjudged, that the said demurrer of defendants to plaintiff's second amended complaint, be and the same hereby is sustained.

"Dated at Sioux Falls, South Dakota, this 21st day of October, 1933."

The above order was entered ex parte. Nothing further was done in the case until the 9th day of July, 1934, when the present attorneys for the plaintiff applied to the court for and received an order to show cause directed to defendant requiring defendant to show cause why the plaintiff should not be permitted to amend his complaint. This order to show cause was based upon affidavits which alleged in substance that the plaintiff and his guardian ad litem knew nothing of the entry of the order sustaining the demurrer until consulting present counsel, which was just a few days prior to the time the application to amend was made. The attorney for the defendants submitted an affidavit alleging that on October 21, 1933, he mailed a copy of the order of the trial court sustaining the demurrer to Mr. Leo Fitzpatrick, the attorney who represented the plaintiff at the time, and alleging other facts which would tend to show laches on the part of plaintiff. A reply affidavit was served, wherein Mr. Fitzpatrick denied ever having received a copy of the order sustaining the demurrer, and denied any knowledge of its entry. Other reply affidavits were served, which put in issue all of the things alleged in the affidavits of defendants pertaining to laches on behalf of plaintiff. The court, after hearing, entered an order allowing plaintiff to serve and file his amended complaint. The defendants have appealed.

The appellants first contend that the court had no jurisdiction to allow the amendment for the reason that the order sustaining the demurrer was a final determination of the action, and that no action was, in fact pending before the court at the time the amendment was allowed. Appellants cite and rely upon cases similar to the case of Greeley v. Winsor, 3 S. D. 138, 52 N. W. 674, 675, wherein the order sustaining the demurrer contained the further provision, and "that the plaintiff's complaint herein be, and the same is hereby, dismissed." We think it obvious that the cases cited by appellants are no authority so far as this particular order is concerned, which contains no provision dismissing the action. A reading of the opinion in the case of Greeley v. Winsor, supra, makes it clear that the provision in the order there under consideration which provided for a dismissal of the action was the controlling feature of that case. The rule has been well established

in this state that an order sustaining a demurrer, which contains no provision with reference to a dismissal or fixes no time within which the pleading demurred to might be amended, is subject to the further order of the court allowing an amendment. As stated in the case of Weatherer et al v. Herron et al, 27 S. D. 651, 132 N. W. 232, 233: "We think the law well settled that, upon the sustaining of a demurrer, the court should be liberal in allowing amendments to the pleading attacked, and that, where the order sustaining a demurrer does not provide for time within which to amend the pleading, yet, even after affirmance of such order upon appeal, the trial court still has the power, upon motion, to allow amendments, and should do so where, upon the whole record, it appears that justice will be furthered thereby."

So in this case we think there is no question as to the jurisdiction of the court to allow the amendment.

It has long been established in this state that the question of allowing an amendment to pleadings is largely within the discretion of the trial court and, in the absence of a showing of abuse of such discretion, the ruling of the trial court will not be disturbed. See J. I. Case Threshing Machine Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82; Murphy v. Plankinton Bank, 18 S. D. 317, 100 N. W. 614; Hardman v. Kelley, 19 S. D. 608, 104 N. W. 272; Edwards v. Chicago, M. & St. P. Ry. Co., 21 S. D. 504, 110 N. W. 832; Anderson v. Scandia Mining Syndicate et al, 26 S. D. 558-575, 128 N. W. 1016; Weatherer v. Herron et al, supra. It is very generally held, as held by this court in the case of Weatherer v. Herron et al, supra, that the discretion which is vested in the court should be exercised liberally in favor of the amendment. We are satisfied that the mere lapse of time between the entry of the order sustaining the demurrer and the application to amend does not of itself constitute a showing of an abuse of discretion by the trial court. See Grand Prairie Cooperative Grain Ass'n v. Riordan, 61 Ill. App. 457. Other than the mere lapse of time transpiring between the entry of the order and the application to amend, the facts were in dispute. The cause for the delay in making the application was in dispute, as was also the good faith of the plaintiff and his attorneys. We are convinced the trial court was justified in resolving the disputed facts in favor of the plaintiff, and

the trial court having done so, the allowance of the amendment was not arbitrary or without the discretion vested in the court.

The appellants further complain about the refusal of the trial court to allow terms to appellants as a condition for the amendment. The imposing of terms is also a matter vested in the sound discretion of the trial court. Kelsey v. Chicago & N. W. Ry. Co., 1 S. D. 80, 45 N. W. 204; Tripp v. City of Yankton, 10 S. D. 516, 74 N. W. 447. We are not disposed to hold that the trial court acted arbitrarily in refusing to impose terms.

The order appealed from is affirmed.

All the Judges concur.