MYERS, Respondent v. BISSELL, Appellant

(201 N.W.2d 865)

(File No. 10897. Opinion filed November 7, 1972)

**George J. Rice,** Aberdeen, for defendant and appellant.

**Morris Myers,** Aberdeen, pro se.

WINANS, Judge.

The plaintiff, Morris Myers, brought this action in the Circuit Court of Brown County against the defendant, Suzanne Bissell, on a $5,000 note. Judgment was entered in favor of the plaintiff and the defendant has appealed, assigning as error the lower court's denial of her demand for a jury trial of certain issues raised for the first time by her amended answer.

The complaint alleged that the note involved was given to the plaintiff for legal services performed for a William Austin, a comaker of the note. The complaint further alleged that the defendant had anticipatorily breached the agreement. The defendant answered the complaint through her Minnesota attorney in August of 1969 and no demand for a jury trial was made at that time.

Trial of the matter was finally set for June 12, 1970, at which time the defendant's present South Dakota attorney made an appearance and requested a continuance to enable him to prepare for the trial. Pursuant to the request, the lower court continued the trial until July 1, 1970, subject to terms of $300.

On June 29, 1970 the defendant sought leave of court to amend her answer to raise several new issues in the way of defense to the plaintiff's complaint and a demand for a jury trial of the new issues. The trial court permitted amendment of the answer to the extent of including the new issues, but as a condition to granting leave to amend the court expressly disallowed the demand for a jury trial.

The proceedings we have set forth were had before the Honorable Philo Hall, Presiding Judge, and were excepted to so far as the ruling on the jury issue was denied to the defendant. Whereupon the defendant's attorney requested the presiding judge disqualify himself because the plaintiff was an attorney and "practices in this bar and this involves him personally". The judge honored the request and called in the Honorable Thomas L. Anderst, one of the judges of the Fourth Judicial Circuit in the State of South Dakota.

Trial was held July 2, 1970. At the beginning of the trial before the introduction of any evidence, and at the close of the plaintiff's case, the defendant again demanded a jury trial of the new issues raised by the amended answer. The court refused said demand, but allowed the defendant a continuance, subject to terms, to enable her to produce witnesses. When the defendant failed to meet the terms imposed by the court, judgment was entered in favor of the plaintiff for the full amount of the note with interest.

On appeal, it is the defendant's contention that the lower court erred in denying a jury trial on the issues raised for the first time in the amended answer. It is our conclusion that the defendant had the right to a jury trial on the new issues and that the lower court abused its discretion in disallowing that right as a condition to granting leave to amend her answer.

■■ Under the Federal Rules of Civil Procedure as adopted by South Dakota, the defendant's demand for a jury trial of the new issues was timely. SDCL 15-6-38(b) provides that a demand for a trial by jury of any issue must be made within ten days after service of the last pleading directed to such issue. Here,

the defendant made a demand for a jury trial within ten days after service of the amended answer. It is well settled that where the pleadings are amended to raise new issues, a demand for a jury trial of the new issues is timely if it is made within ten days after service of the amended pleading. Bereslavsky v. Caffey, 1947, 2 Cir., 161 F.2d 499; Bereslavsky v. Kloeb, 1947, 6 Cir., 162 F.2d 862; Wright and Miller, Federal Practice and Procedure, Civil (1971), Vol. 9, p. 94; Moore's Federal Practice, Vol. 5, Rule 38(b).

 It is the respondent's contention, however, that since the trial court disallowed a jury trial as a condition to granting leave to amend the answer, the defendant had no right to a jury trial of the new issues raised by the amended answer even if her demand therefor was otherwise timely. It is true that the court may, in its discretion, impose reasonable conditions on granting leave to amend pleadings. Koenkamp v. Picasso, 1935, 63 S.D. 440, 260 N.W. 623. However, the exercise of such discretion is not unlimited. Due to the special status afforded the right to a jury trial, caution should be exercised in imposing a condition denying that right. Wright and Miller, Federal Practice and Procedure, 1971, Vol. 6, p. 425. In the present case, there were no compelling reasons for disallowing a jury trial as a condition to granting leave to amend the answer and the trial court abused its discretion in imposing such a condition.

The issue we decide is based upon SDCL 15-6-38(b). It is limited in scope to new issues, and this court is concerned with the problem of how they can be separated or tried apart from the original issues. We therefore call attention to the provisions of SDCL 15-6-39(b) which gives discretionary authority to the trial court.

We therefore conclude that the lower court erred in denying the defendant's right to a jury trial of the issues raised for the first time in the amended answer. Since the amended answer raised genuine issues of fact, denial of the proper mode of trial was prejudicial and grounds for a new trial.

Reversed and remanded.

All the Judges concur.