KOENKAMP, Appellant, v. PICASSO, et al, Respondents.

(269 N. W. 74.)

(File No. 7923. Opinion filed October 5, 1936.)

*Danforth & Davenport,* of Sioux Falls, for Appellant..
*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondents.

CAMPBELL, J. During the summer of 1930 plaintiff, a minor, was employed from time to time by defendants. While engaged upon such employment, plaintiff suffered a personal injury and instituted the present action by his guardian ad litem for the recovery of damages. The matter has been previously before this court on two occasions. See Koenkamp v. Picasso (1933) 61 S. D. 456, 249 N. W. 749; Koenekamp v. Picasso 63 S. D. 440, 260 N. W. 623. The case finally reached trial upon the merits in the circuit court in September, 1935, and resulted in a jury verdict in favor of plaintiff, assessing his damages at $3,750. Thereafter, and in November, 1935, the trial court granted defendants' motion for judgment n. o. v. and entered judgment accordingly for dismissal of the action, with coses, and plaintiff has now appealed.

■ Substantially the same issue is presented by this appeal as would have arisen if the trial court, at the close of all the testimony, had directed a verdict for the defendants, and plaintiff had appealed. The essential inquiry is whether there was anything to justify a jury verdict for plaintiff, and in resolving the point the testimony of plaintiff and his witnesses must be accepted as true (unless patently incredible) and the view of the evidence most favorable to the plaintiff must be taken throughout.

In August, 1930, when the injury to plaintiff occurred, he was about 3 months past the age of 14 years. For the greater part of the summer he had been working for defendants, who owned and operated a truck garden. This garden was near the Sioux river, and part of the equipment thereof was a pump, operated by a gasoline engine, to take water from the river for the purpose of irrigating the garden. A plank platform about 14 feet long was

constructed near the river bank, the pump being mounted at one end of the platform and a four-horsepower stationary gasoline engine, weighing approximately half a ton, being installed at the other end. The engine drove the pump through the medium of an endless belt running the length of the platform between a pulley on the engine and a pulley on the pump. Plaintiff's complaint as finally amended alleged that it was part of the duty of his employment to oil and grease said engine and keep the belt thereon while in operation, and he so testified. He further testified that, when he came to work about 7 o'clock on the morning of August 1, 1930, one of the defendants specifically told him to go down and put water in the engine and oil and grease it and see that the belt was on. Plaintiff went down to the engine platform and found the engine running but the belt off. He oiled and greased the engine and put water in it and then undertook to replace the belt. As a first step in this attempt he put the belt upon the pump pulley, which, of course, was stationary at that time. Although plaintiff says he remembers nothing about this particular circumstance, yet the physical facts observable after the accident quite clearly indicate that, when plaintiff put the belt on the pump pulley, he tied the belt to the pulley with a red bandanna handkerchief, apparently with the idea of keeping the belt on the pump pulley while he went to the other end of the platform and attempted to put the belt on the moving engine pulley. In any event, having put the belt on the pump pulley, plaintiff was trying to put the belt on the moving engine pulley when the engine jumped or fell from the platform and in so doing caught plaintiff's right arm and mangled it to such an extent that amputation was subsequently necessary. It may be conceded that to tie the belt to the pump pulley before attempting to place it upon the moving engine pulley was an entirely improper method of replacing the belt, and it may further be conceded that so to do would constitute contributory negligence on the part of an adult and that, if plaintiff had not so done, this accident would not have happened.

Defendants carried no compensation insurance. It is their contention that the Workmen's Compensation Law is not applicable to this employment under section 9443, R. C. 1919, as amended by chapter 312, Laws 1923. Plaintiff, on the other hand, maintains that the law is applicable and that, inasmuch as defendants did

not see fit to carry insurance, they are barred by the statute (section 9444, R. C. 1919) from any defense upon the grounds of contributory negligence or assumption of risk. We do not believe that a decision as to whether or not the Compensation Law is applicable to this employment is essential to a determination of this appeal, and consequently we pass the question. Neither need we determine whether plaintiff would be entitled to go to the jury in this case upon the general principles of the common law of negligence as applicable to the relation of master and servant, in the absence of a pertinent statute affecting the particular situation here involved.

■ ■ As pointed out in a previous decision in this cause, section 10015, R. C. 1919, as amended by chapter 308, Laws 1923, provides in part that: "No child under sixteen years of age shall be employed at any time in any occupation dangerous to life, health or morals." Further consideration of the matter leads us somewhat to doubt the correctness of the statement in our former opinion (61 S. D. 456, 249 N. W. 749) that the occupation of oiling and greasing this engine could not reasonably be deemed an occupation dangerous to life. Perhaps, however, we need not decide that precise question here, for upon the pleadings in final form and the evidence the jury would be justified in finding that plaintiff was employed, not only to oil and grease this moving machinery, but to place the belt thereon and keep the same in place. We incline to the opinion that to employ a minor under 16 to adjust a belt upon a moving piece of machinery of the character here involved and to oil and grease said machinery while in motion might well be held, as a matter of law, to amount to the employment of such child in an occupation dangerous to life within the contemplation of our statute. In many child labor statutes which, in addition to containing a general clause prohibiting employment that may be considered dangerous to life and limb, enumerate certain dangerous and forbidden employment, the adjustment of belts on machinery and the oiling and wiping of machinery are specifically listed among the dangerous forbidden employments just as are the operation of band saws, stamping machines, corrugating rolls, etc. See section 4, c. 259, p. 415, St. Cal. 1919; Code Dist of Columbia 1929, T. 7, § 114 (Uniform Child Labor Act); Smith Hurd Ann. St. Ill. (Perm. Ed.) c. 48, § 26; section 331a-9,

Carroll's Ky. Stat. 1930; section 1122, Rev. Stat. Mo. 1919; N. Y. Labor Law, § 146, Cahill's Consol. Laws N. Y. 1923, p. 1194; section 1412, Comp. Laws N. D. 1913; section 10834, Okl. St. 1931. See, also, Labatt, Master and Servant (2d Ed.) § 1902; Strafford v. Republic Iron & Steel Co. (1909) 238 Ill. 371, 87 N. E. 358, 20 L. R. A. (N. S.) 876, 128 Am. St. Rep. 129; Kowalczyk v. Swift & Co. (1928) 329 Ill. 308, 160 N. E. 588; Sterling v. Union Carbide Co. (1905) 142 Mich. 284, 105 N. W. 755; Braasch v. Michigan Stove Co. (1908) 153 Mich. 652, 118 N. W. 366, 20 L. R. A. (N. S.) 500; Stehle v. Jaeger, etc., Co. (1909) 225 Pa. 348, 74 A. 215, 133 Am. St. Rep. 884. It must be said at least, even upon the view most favorable to defendants, that whether such employment was a dangerous employment for a child under 16 years of age in the light of our statute was a question of fact for the jury. Defendants maintain that it was not within the scope of plaintiff's employment to do anything whatsoever about the pump or engine and denied ever instructing him so to do, claiming that he was employed only to pull weeds, hoe in the garden, and do work of that nature. Plaintiff testified otherwise, however, and the jurors were entitled to accept his testimony on this point if they saw fit, and their verdict indicates that they did accept it. If the nature of plaintiff's employment and the defendants' instructions to him were as plaintiff testified, then we are of the opinion that, if it be not said, as a matter of law, that such employment was within the prohibition of the statute, at least it must be said that the jury was entitled to find, as a matter of fact, that such employment was contrary to the terms of the statute.

It is the clear weight of authority that employment contrary to the terms of a child labor statute is sufficient, standing alone, to establish negligence on the part of the employer in the event of an injury to the minor. See Perry v. Tozer (1903) 90 Minn. 431, 97 N. W. 137, 101 Am. St. Rep. 416; Rolin v. R. J. Reynolds Tobacco Co. (1906) 141 N. C. 300, 53 S. E. 891, 7 L. R. A. (N. S.) 335, 8 Ann. Cas. 638, and note thereto in the L. R. A. Report; Leidgen v. Jones (1920) 46 N. D. 410, 179 N. W. 714; Queen v. Dayton Coal & Iron Co. (1895) 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82, 49 Am. St. Rep. 935.

Many of the courts hold that, when an injury to the

minor follows upon such unlawful employment, the defense of contributory negligence is not open to the employer. Other of the courts hold that, under such circumstances, the question of contributory negligence on the part of the minor (at least if he is above the age of 12 years) is a question of fact, and will usually be a question for the jury, the minor being required to exercise only such prudence as one of his years and experience may be expected to possess. We need not choose between these two lines of authority in order to determine this appeal. In the instant case (assuming without deciding that the defense of contributory negligence was available at all) the jury had a right to find that the method whereby plaintiff sought to replace the belt in question (conceding that it was an improper and an unwise method) did not constitute contributory negligence on the part of this minor, notwithstanding the fact that the adoption of the same method by an adult might be held contributory negligence or assumption of risk as a matter of law.

We arrive, therefore, at the conclusion that plaintiff was entitled to go to the jury in this case, and it follows that the trial court erred in the entry of judgment n. o. v. The judgment appealed from is consequently reversed, and the cause remanded, with directions for the entry of judgment in favor of plaintiff-appellant pursuant to the verdict of the jury.

All the Judges concur.