59 N.J. Super. 132 (1960)
157 A.2d 350
MARY BALOGH, INDIVIDUALLY AND MARY BALOGH, AS GUARDIAN AD LITEM OF GUSTAV BALOGH, AN INFANT, PLAINTIFFS-APPELLANTS,
v.
THOMAS LADANYE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1960.
Decided January 18, 1960.
Before Judges GAULKIN, SULLIVAN and FOLEY.
*133 Mr. William K. Miller argued the cause for the defendant-respondent.
Mr. Oliver R. Kovacs argued the cause for the plaintiffs-appellants (Messrs. Clausen, Klein, Kovacs & Anderson, attorneys).
PER CURIAM.
The parties agree that Gustav Balogh was an infant under the age of 18 years on August 5, 1958; that he was injured on that day while operating a power-driven band saw as an employee of defendant Thomas Ladanye; that the employment was prohibited under N.J.S.A. 34:2-21.17.
A petition was filed on behalf of the infant in the Workmen's Compensation Division demanding workmen's compensation benefits and, as appellants say in their brief, "After hearing in the Division, `judgments' were entered in favor of the infant. The Division found that the infant had sustained permanent orthopaedic injuries amounting to 25% of the hand and had also sustained neurological sequelae as a result of the accident equaling 2% of partial total. These judgments are presently being paid as provided for by statute * * *"
The infant and his mother, individually and as guardian ad litem, instituted the above entitled common law action for negligently causing the infant's injuries. The Superior Court, Law Division, entered summary judgment in favor of defendant upon the authority of Damato v. DeLucia, 110 N.J.L. 380 (E. & A. 1933).
Appellants contend that Damato was incorrectly decided and, in any event, it is no longer the law because of the various amendments of the Workmen's Compensation Act which have been adopted since L. 1924, c. 159, which was the statute construed in the Damato case.
We find no merit in these contentions. We consider Damato v. DeLucia to be sound, and as pertinent and controlling today as it was when it was decided. See also *134 Watson v. Stagg, 108 N.J.L. 444 (Sup. Ct. 1932); Houlihan v. Raymond, 49 N.J. Super. 85 (Law Div. 1958); 1 Larson, Workmen's Compensation, § 47.52. Cf. Goetaski v. California Packing Corp., 19 N.J. Super. 460 (Law Div. 1952). Under the circumstances the mother may not sue per quod. Danek v. Hommer, 9 N.J. 56 (1952).
Affirmed.