JAMES H. HILL, JR., Administrator of the Estate of David Baise, Plaintiff, v. MOSKIN STORES, INC., Defendant.

(*March* 21, 1960.)

STOREY, J., sitting.

*Theophilus R. Nix* and *Edmund N. Carpenter, II,* and *William E. Wiggin* (both of Richards, Layton and Finger) for the Plaintiff.

*David Snellenburg, II,* (of Killoran and Van Brunt) for the Defendant.

Superior Court for New Castle County, No. 615, Civil Action, 1959.

STOREY, J.:

This is an action for personal injuries and wrongful death pursuant to the provisions of 10 *Delaware Code*, Section 3704 (b). The defendant has moved to dismiss the action on the ground that all the claims asserted therein are barred by the provisions of the Delaware Workmen's Compensation Act, being Title 19, Chapter 23, of the *Delaware Code of* 1953, and that plaintiff's remedies, if any, exist solely by virtue of the provisions of said Delaware Workmen's Compensation Act.

The factual situation is essentially quite simple. The plaintiff, James H. Hill, Jr., is the Administrator of the Estate of David Baise, deceased. On December 22, 1958, the deceased was employed by the defendant, Moskin Stores, Inc. The duties of the deceased consisted of serving as a porter and of acting as a "snowman". The "snowman" phase of the employment was a part of a sales promotion program which required the deceased to wear a costume suggestive of a snowman. The material of which the costume was made was flammable. The deceased, suitably attired in the snowman costume, was required to stand in front of the defendant's store and pass out candy to children and otherwise draw attention, thus attracting customers to the store of the defendant. The working hours of the deceased were from 9:00 A. M. until 5:30 P. M. Monday through Thursday and on Saturdays. On Friday the working hours were from 9:00 A. M. until 9:00 P. M. The injury giving rise to the death of Baise, the deceased, occurred on December 22, 1958. Baise, in the course of his employment, was wearing the "snowman" costume, and a fellow employee, also a minor, ignited the costume, causing Baise to receive severe burns, as the result of which he subsequently died. At the time of his employment and death as aforesaid, Baise was seventeen years of age. The defendant had failed to procure and keep on file and accessible,

a certificate of age of Baise, a minor, issued to said minor by the Labor Commission of Delaware, as required by the provisions of Section 541(b), Sub-chapter IV, Chapter 5, *Delaware Code of* 1953 relating to the employment of Child Labor.

The question presented for determination by the Court is whether, under the facts of this case, the plaintiff's sole right of recovery is under the provisions of the Delaware Workmen's Compensation Act.

The applicable statutes are as follows:

19 *Delaware Code,* § 2304: "Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by the provisions of this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies."

Upon the enactment of the provisions of law as now contained in Section 2304, Title 19, Chapter 23, *Delaware Code of* 1953, the right of election of remedies as it had therefore existed under the provisions of Section 6074 of the *Revised Code of Delaware,* 1935, and under the provisions of Section 3193(c), as amended, of the *Revised Code of Delaware* 1915, was thereby abolished and eliminated from the provisions of the Workmen's Compensation Act, and unless Baise, the deceased employee, came under one of the exceptions prescribed in the Act, the Administrator of his estate is bound to seek his remedy under the provisions of the Workmen's Compensation Act, or unless the provisions of Section 2315 of the Workmen's Compensation Act provide him with an alternative or concurrent remedy, as is contended by the plaintiff.

An examination of the exceptive provisions of the Compensation Act discloses that employment of Baise was not affected thereby and, therefore, was not excluded from the pro-

visions of the Compensation Act. However, attention must be given to one of the exclusion clauses in the definition of "employee" as it is found in Section 2301 of the Compensation Act. The pertinent part of the definition is as follows:

"* * * *and excluding any person whose employment is casual and not in the regular course of the trade, business, profession or occupation of his employer, * * * and 'casual employment', as used in this paragraph, means employment for not over two weeks or a total salary during the employment not to exceed $100 * * *". (Emphasis supplied.)*

It is one of the plaintiff's contentions that Baise was not an employee within the provisions of the Compensation Act, inasmuch as it is uncertain whether Baise, the deceased, would have earned in excess of $100 or have been employed in excess of two weeks, neither condition having been met at the time of his accident on December 22, 1958. It appears from the facts at hand, however, that Baise was employed in the regular course of his employer's business and was not a casual employee. In *Le Tourneau v. Consolidated Fisheries Co.*, 4 *Terry* 540, 51 *A.* 2d 862, 865, the Court pointed up the fact that the definition in our law employs the conjunctive "and" rather than the disjunctive "or" when it provides "Whose employment is casual *and not* in the regular course of the trade * * *". (Emphasis supplied.) The Court then said that "Because of the conjunctive word used in the provision in our law both conditions must concur, neither of itself being sufficient to constitute an exception." Plaintiff's contention on the point is without merit.

Plaintiff further urges that since the defendant failed to secure a certificate of age, Baise's employment was illegal, and, therefore, not covered by the provisions of the Compensation Act.

The Child Labor Law, Title 19, Sub-chapter IV, Chapter 5, Section 541(b), *Delaware Code of* 1953, provides:

"No child between 16 and 18 years of age inclusive shall be employed, permitted or suffered to work in, about or in connection with any establishment or in any occupation, unless the employer of such child procures and keeps on file and accessible a certificate of age issued to the child by the Labor Commission".

This, the defendant failed to do, and it would, therefore, follow that the employment of Baise was illegal under the law.

Plaintiff contends that the case of *Widdoes v. Laub, Super Ct.* 1925, 3 *W. W. Harr.* (33 *Del.*) 4, 129 *A.* 344, 345 is the controlling authority in the determination of the instant case. In the *Widdoes* case, the Court, speaking through Judge Rodney, held that the Workmen's Compensation Act was inapplicable to an employment undertaken pursuant to a contract of employment forbidden by the Child Labor Laws. To be sure, the *Widdoes* case was concerned with what is now Section 541(a) of the Child Labor Law, but its rationale, if it were valid now, would have applied equally well to what is now Section 541(b) of the Child Labor Law, the section in issue in the case at bar. That the *Widdoes* case is no longer applicable today in a case such as the one now before the Court, is, I think, borne out by the following language from the opinion.

"Adverting again then to what we conceive to be the fundamental rule that compensation laws such as our own are based upon the idea of a *lawful contract* for compensation in case of injury, we hold that such compensation law does not govern such a case as the present. To hold otherwise would in a large degree nullify the Child Labor Law, and would have no tendency to discourage the practice which the statute has made illegal, for the employer's liability would be no greater in case of an illegal than of a legal employment." (Emphasis supplied.)

With this issue, however, we are no longer concerned, in view of the provisions of Title 19, Section 2304, *Delaware Code of 1953*, which provides for exclusive coverage of all minors, except such minors as are specifically excluded by the provisions of

the Workmen's Compensation Act, and minors who are illegally employed under the provisions of the Child Labor Law are not specifically included under the exclusive provisions of the Compensation Act.

Having pointed up the fact that Baise is not specifically excluded from the provisions of the Workmen's Compensation Act, attention is now directed to the provisions of Section 2315, a new section in said Act, which became law on July 28, 1953, which reads as follows:

"§ 2315. Compensation to illegally employed minors. The right to receive compensation under this chapter shall not be affected by the fact that a minor is employed or permitted to be employed in violation of the laws of the State relating to employment of minors, or that he obtained his employment by misrepresenting his age".

An interpretation of the applicability of this statute to the case at bar is one of first impression in this State. It seems clear that the provisions of said section 2315 overcome the rationale in the case of *Widdoes v. Laub, supra,* and bring minors illegally employed squarely within the provisions of the Workmen's Compensation Act.

The only question, then, remaining for determination is whether there is still available to the illegally employed minor an alternative or concurrent remedy at Common Law. The plaintiff urges that said Section 2315 is ambiguous, and that being ambiguous, it must be construed, and in so construing, the Court may not imply a legislative intent to destroy a common law right. I fail, however, to see any ambiguity such as plaintiff claims to exist. The provisions of said Section 2315 seem quite clear.

From an examination of the statutes of Pennsylvania, I find that the Workmen's Compensation Law of that Commonwealth contains provisions virtually identical with said Section

2315 of the Delaware Law. For purposes of comparison, the Pennsylvania Law is set forth as follows:

"*Injuries to minors*. The right to receive compensation under this act shall not be affected by the fact that a minor is employed or is permitted to be employed in violation of the laws of this Commonwealth relating to the employment of minors, or that he obtained his employment by misrepresenting his age". *P. P. S. A*. Title 77, Section 421.

Research and investigation discloses that Section 2315 of the Delaware Act is taken from the Pennsylvania Act, and the only change made was one to effect local terminology, that is, the word "Commonwealth" was changed to the word "State". The Pennsylvania Act, insofar as the subject provision is concerned, was last amended in 1939, and hence preceded the enactment of the identical provision in the Delaware Law by some fourteen years. There is a "presumption and general rule that the adoption of a foreign statute carries with it the prior construction in the originating State (which) is regarded as of special force * * * and entitled to great weight and respectful consideration * * *". 50 *Am. Jur*., Statutes, Section 459. And in this case, we need not be concerned with any of the limitations of, or exceptions to, the general rule.

Bearing this rule in mind, reference is made to the case of *Fritsch v. Pennsylvania Golf Club, Pa. Sup*. 1947, 355 *Pa*. 384, 50 *A*. 2d 207, 208, wherein the Pennsylvania provision was construed. The case is so closely on point as to be almost providential. The child's employer had failed to obtain a "working certificate" as required under the provisions of the Child Labor Law. The Pennsylvania Act provided for an election not to be bound by the Act, and neither the child nor the employer had elected to be placed outside the coverage prior to the accident. This provision was similar to that which existed in our law under the provisions of Section 6074 of Chapter 175, *Revised Code of Delaware*, 1935, as noted above. There was also an added provision that an illegally employed minor could recover

110 per cent of what he could have recovered had he been legally employed. Pennsylvania also had decided cases which had held that in the period prior to the enactment of the statute in question, illegally employed minors were not within the provisions of the Workmen's Compensation Act. Virtually all of the arguments made in the instant case were made in the *Fritsch* case.

The Court said:

"The Workmen's Compensation Act must be considered as an entirety; each section thereof must be read and construed in conjunction with the others, not as a separate law unto itself. * * * The conclusion is inescapable that illegally employed minors are not * * * to be placed in a category separate and apart from minors lawfully employed. They fall within, and are bound by, the general provisions of the Act.

\* \* \* \* \* \*

"Appellants contend that the effect of the Act of 1939 is to relegate illegally employed minors to the status occupied by them prior to the Act of 1931, and that section 301(b), providing for "The right to receive compensation", shows clearly a legislative intention to provide a remedy for such minors under the Act, *but not to make that remedy exclusive. Lincoln v. National Tube Co., supra* [268 Pa. 504, 112 A. 73], *is not controlling.* In that case, this Court held that since the Act referred to agreements, expressed or implied, and *since contracts of employment with minors under the age of 18 were illegal,* such contracts of employment were not within the scope of the Workmen's Compensation Act. *The Act at that time did not contain any provision relating to illegally employed minors.* The legislature has since, by the enactment of section 320, as amended, and the amendments to section 301(b), provided for compensation to minors, both legally and illegally employed. (Emphasis supplied.)

"There has been no indication, expressed or implied, of a legislative intent to provide either alternative or concurrent remedies in the case of injury to, or death of, illegally employed minors. An action at law can be maintained only when pursuant to provisions of section 302(a) either party has duly rejected the Act by the required written notice given by or to the parent or guardian of the minor. Admittedly, this was not done in the instant case. The general provisions of the Act must be deemed applicable and, therefore, section 303, *supra*, limited appellants' right for the recovery of damages to section 320(a) of the Act."

Thus the Pennsylvania Court construed the section as providing an exclusive remedy and not an alternative or concurrent one. This is so despite a general provision in the Pennsylvania Law permitting a minor employee a choice as to whether he will or will not be bound by the Act. If the choice is not exercised to take himself out of the Act, the Pennsylvania minor is in the same position as he would be under the Delaware Law under the provisions of which no such choice is available. Under this situation, neither the Pennsylvania child nor the Delaware child would have an alternative or concurrent remedy. The Workmen's Compensation Act would provide the exclusive remedy.

It is my opinion that the holding in the *Fritsch* case is founded upon good reasoning and sound law. This, coupled with the persuasive weight to be given such an opinion under the Rule of statutory construction set out above, leads me to adopt the holding therein expressed.

My conclusion is, therefore, that the remedy provided for illegally employed minors under the provisions of said Section 2315 of Title 19, *Delaware Code of* 1953, is an exclusive remedy.

Defendant's motion to dismiss the action is granted.

On presentation, Order, in conformity with this decision, will be entered.