CARLTON v. PARKER DAIRY COMPANY.

NEGLIGENCE—PLEADING—MINORS—STATUS OF PLAINTIFF—INJURY BY
VENETIAN BLIND.

> Declaration in action by guardian of minor who was injured
> when defendant's Venetian blind fell and struck her face and
> head *held*, not to have stated a cause of action, where it failed
> to aver whether she was a trespasser, invitee, licensee, or em-
> ployee, stated only conclusions that she was lawfully upon the
> premises, that she had a right to attempt to raise the blind,
> and that defendant had a duty to keep the blind safe for her
> use.

Appeal from Saginaw; O'Neill (James E.), J.
Submitted January 12, 1962. (Docket No. 85, Calen-
dar No. 48,791.)  Decided July 2, 1962.

Case by Diana Carlton, a minor, by Paul E. Carl-
ton, her guardian, against Parker Dairy Company,
a Michigan corporation, for personal injuries sus-
tained when struck by falling Venetian blind.
Cause dismissed on motion. Plaintiff appeals. Af-
firmed.

*Joseph J. Trogan,* for plaintiff.

*Stanton, Taylor & McGraw (John W. McGraw,* of
counsel), for defendant.

DETHMERS, J. Plaintiff, a minor, by her guardian,
sued defendant company for damages resulting

REFERENCES FOR POINTS IN HEADNOTES
38 Am Jur, Negligence § 273.

from injuries sustained when she attempted to raise a metal Venetian blind on defendant's premises and it fell, striking her face and head.

Plaintiff's declaration alleged that when the accident occurred she was lawfully upon defendant's premises, that she had a right to attempt to raise the blind, that it was defendant's duty to keep the blind in a reasonably safe condition so that it could be used safely by her, and that defendant negligently, recklessly and wilfully, in disregard of its duty to her, kept the blind in an unsafe condition so that it fell and injured her, without fault on her part.

Plaintiff's declaration alleged no facts about her status upon the premises or the relationship then existing between her and defendant, nor why or in what capacity she was there, nor about the nature of her alleged right to attempt to raise the blind. Its stated conclusions that she was lawfully upon the premises, that she had a right to attempt to raise the blind and that defendant owed her a duty to keep the blind safe for her use, are supported by no allegations of facts whatsoever. Whether she was there as a trespasser, an invitee, a licensee or an employee cannot be gathered from anything in the declaration.

Plaintiff's declaration, in consequence, stated no cause of action and, on defendant's motion, was properly dismissed. Plaintiff appeals.

Defendant's motion to dismiss and the court's dismissal were based, however, on a different ground, namely, lack of jurisdiction in the court and exclusiveness of remedy under the workmen's compensation act. The motion and supporting affidavits stated that plaintiff had represented herself to be 16 years of age and secured employment with defendant, to work on the premises in question, some time before the accident and that she was engaged in that employment when the blind fell.

Plaintiff did not file an answer to the motion or counteraffidavits. It appears, however, that, on oral argument of the motion, it was the contention of plaintiff's attorney that no work permit had been secured and filed with defendant for plaintiff, that her employment was, accordingly, unlawful and, therefore, the relationship of employer and employee never came into existence, thus leaving plaintiff free to sue defendant at common law. For that line of reasoning, plaintiff offers us no authority and we find none.

The Michigan workmen's compensation act and decisions are to the contrary. CLS 1956, § 411.7 (Stat Ann 1960 Rev § 17.147), provides, in part:

"The term 'employee' as used in this act shall be construed to mean:    *    *    *

"Every person in the service of another, under any contract of hire, express or implied,    *    *    *    including minors, who, for the purpose of this act, shall be considered the same and have the same power to contract as adult employes: Provided, That any minor under 18 years of age whose employment at the time of injury shall be shown to be illegal shall, in the absence of fraudulent use of permits or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act."

CL 1948, § 411.2 (Stat Ann 1960 Rev § 17.142), reads, in part:

"On and after the effective date of this section, every employer, public and private, and every employee    *    *    *    shall be subject to the provisions of this act and shall be bound thereby."

In *Field* v. *Jack & Jill Ranch,* 343 Mich 273, 280, this Court said:

"It will be noted that the compensation act itself does not define illegal employment. For that we

turn to the Hittle juvenile employment act (PA 1947, No 157 [CL 1948, § 409.1 *et seq.* (Stat Ann 1950 Rev § 17.701 *et seq.*)]),which regulates the employment of minors in this State. It is provided in section 3 thereof (CL 1948, § 409.3 [Stat Ann 1950 Rev § 17.703]) that a work permit must be obtained for the employment of any minor under the age of 18 years."

This Court then held in the *Field Case* that the 16-year-old plaintiff, who had been engaged by a dude ranch under a work permit for washing pots and pans and who was injured while wrangling on horseback, was, by reason of the lack of permit therefor, engaged in illegal employment when injured and, therefore, entitled, under the above statutory provision, to double compensation. See, also, for case of work by 16-year-old boy without requisite work permit and application of the act and its double compensation feature by this Court, *Crilly* v. *Ballou,* 353 Mich 303. In *Holloway* v. *Ideal Seating Company,* 313 Mich 267, this Court, after quoting the compensation act definition of the term "employee" as above quoted from CL 1948, § 411.7 (Stat Ann 1960 Rev § 17.147), to include minors, went on to say (p 275):

"The above section grants to minors the same power to contract as adult employees, for the purposes of this act, and subjects them, whether legally or illegally employed, to its provisions the same as adults. *Thomas* v. *Morton Salt Co.,* 253 Mich 613; s. c. reaffirmed, 258 Mich 231; *Jesiek* v. *Banfield,* 286 Mich 440."

The above establish that a minor in illegal employment is not at all one outside the employment relationship and the scope of the workmen's compensation act, but, on the contrary, is one within the protection and exclusive coverage of the act and

sometimes entitled to double compensation thereunder.

Plaintiff and defendant were, therefore, subject to the compensation act, and the conditions of liability under that act existed. As to them, it is stated in CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144), that:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

In *Totten* v. *Detroit Aluminum & Brass Corporation,* 344 Mich 414, 418, this Court quoted with approval from *Munson* v. *Christie,* 270 Mich 94, 98, the following:

" 'It appears from the title the act is one providing that as against the employer the injured employee and his dependents have no rights and can enforce no liability except those provided in the act. We need not read beyond the title of the act to find this intent and purpose of the legislature clearly expressed."

In *Dershowitz* v. *Ford Motor Company,* 327 Mich 386, plaintiff brought an action at law against his employer for damages resulting from injuries sustained on defendant's premises. In holding his remedy to be exclusively under the workmen's compensation act, we said (p 389):

"To state a cause of action plaintiff's declaration needed to allege facts showing that at the time the injury occurred he was not doing anything connected with his employment and that there was no causal connection between the latter and his injury."

Plaintiff's redress rests entirely within the compensation act. The order dismissing the cause is affirmed, with costs to defendant.

CARR, C. J., and KELLY, J., concurred with DETH-MERS, J.

BLACK, J. (*concurring*). I agree, for reasons given in the first 4 paragraphs of the opinion submitted by Mr. Justice DETHMERS, that plaintiff's declaration fails to state a cause and was therefore properly dismissed. On such ground I concur in affirmance.

KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with BLACK, J.