212 N.J. Super. 270 (1986)
514 A.2d 875
CHARLYN THOMPSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR HER NATURAL SON, JOHN THOMPSON, A MINOR, PLAINTIFFS,
v.
FAMILY GODFATHER, INC., T/A MAMAMIA'S PIZZERIA: FRANK CALOIERO AND CARMELLA CALOIERO, J/S/A, DEFENDANTS.
Superior Court of New Jersey, Law Division Gloucester County.
Decided July 29, 1986.
*271 Michael J. Waldman for plaintiff (Ferrara & Waldman, attorneys).
William A. Sheehan for defendants (Nicholas A. Lacovara, attorney).
HOLSTON, J.S.C.
This case comes before the court on a motion for summary judgment by defendants, Frank Caloiero and Carmella Caloiero. There is no dispute as to the facts which are, essentially, that on December 15, 1984, 13-year-old John Thompson was injured while operating a power-driven dough machine. He was an employee of defendant, Family Godfather, Inc., and was permitted to use the machine. Defendants, Frank Caloiero and Carmella Caloiero, are sole shareholders and officers of defendant corporation and were co-employees with John Thompson at the time the accident occurred. It was at the direction of Frank and Carmella Caloiero that John Thompson operated the dough machine.
The action was filed pursuant to an election of remedies provided to minors by N.J.S.A. 34:15-1 for injuries arising out of and in the course of employment based on a common law theory alleging the negligence of an employer. The action by plaintiff, Charlyn Thompson, individually and as guardian ad litem for her minor son, John Thompson, was based on N.J.S.A. 34:2-21.17 which prohibits minors under 16 years of age from being employed, permitted or suffered to work in, about or in *272 connection with power-driven machinery. A violation of N.J.S.A. 34:2-21.17 in itself constitutes negligence and results in liability if the violation is the proximate cause of injuries. Gabin v. Skyline Cabana Club, 54 N.J. 550, 554 (1969). Gabin held that the broadest possible reading should be given to the statute to the end that the victims of violations of the child labor laws not have their rights limited. Ibid.
The issue to be decided is whether a minor who elects to sue on a common law theory based on the election of remedies under the Workers' Compensation Act (N.J.S.A. 34:15-10) for an injury arising out of and in the course of his employment may maintain a cause of action against a co-employee outside the restrictive scope of N.J.S.A. 34:15-8.
N.J.S.A. 34:15-1 provides that the exclusive remedy an employee has against his employer is in the Workers' Compensation Act. The act also grants immunity to an employee from being sued by a co-employee. N.J.S.A. 34:15-8 states in part:
If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
However, in response to a growing concern for the protection of minors' legal rights, the Legislature enacted N.J.S.A. 34:15-10 which reads in part:
Nothing in this chapter contained shall deprive an infant under the age of 18 years of the right or rights now existing to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master.
This section specifically allows a minor who is injured in conjunction with his employment to elect a remedy under the act, the common law or any other appropriate action or proceeding. In the case sub judice, plaintiff elected to pursue her remedy under the common law.
Defendants claim that the option given to minors to elect a remedy does not remove the immunity given to a co-employee and that even if the minor pursued a different remedy than proceeding under the Workers' Compensation Act, N.J.S.A. *273 34:15-8 would still protect that co-employee from liability to the minor.
Defendants cite Hagen v. Koerner, 64 N.J. Super. 580 (App. Div. 1960) as standing for the proposition that the intent of the Legislature in amending N.J.S.A. 34:15-8 to provide co-employee immunity was to place the rights of the co-employee superior to those of the legislatively immunized employer.
But where the co-employee is held liable in negligence to a fellow employee, for doing in good faith what he was specifically instructed to do by the employer, it would work a grave injustice to require that co-employee to pay the damages out of his own pocket. This is particularly so when we realize that to the extent the injured employee recovers from some third person, the employer is relieved pro tanto of his obligation to make workmen's compensation payments, since he becomes subrogated to that extent in any recovery by the injured employee against third persons. N.J.S.A. 34:15-40. More unjustifiable than extending the employer's liability, by express or implied agreement to indemnify, beyond his responsibility under the Workmen's Compensation Law, would be the anomalous result of requiring the co-employee to shoulder the employer's obligation because he was obedient to his employer's instructions. [at 588]
Defendants argue that the above rationale would hold true even in cases involving a minor.
On the contrary, the result addressed in Hagen would only prevail in those cases where by statute, workers' compensation benefits are the injured employee's sole remedy or are the elected remedy of an injured minor. In the case at bar, the minor employee has elected to pursue his common law remedy specifically authorized by N.J.S.A. 34:15-10.
In Miller v. Muscarelle, 67 N.J. Super. 305 (App.Div. 1961), the court in analyzing the concept of co-employee immunity indicated that the Legislature intended that employers are to be immunized from liability in a co-employee situation.
... The continued subsistence of a cause of action in tort against a fellow-employee has come under considerable public criticism in recent years. It has frequently resulted in burdening the employer indirectly with common law damages superimposed upon his workmen's compensation liability by reason of either a legal, moral or practical obligation to indemnify the sued director, officer or supervisory employee, or with the expense of carrying insurance to cover the personal liability of such supervisory personnel. See statement appended to Assembly Bill No. 117 (1960); see also Hagen v. Koerner, 64 *274 N.J. Super. 580 (App.Div. 1960). Recognizing that such consequences conflict with the general scheme of the Workmen's Compensation Act, the Legislature this year amended the act (R.S. 34:15-8) expressly to preclude a right or recovery on account of a compensable injury or death at common law or otherwise against a fellow employee except in cases of intentional wrong. L. 1961, c. 2. [at 321]
This court concludes from the above authority that where workers' compensation benefits are the employee's sole remedy, the employer was intended to be immunized by N.J.S.A. 34:15-10. However, the unfair result addressed in Miller would not apply in a situation as here, where a minor seeks to pursue his common law remedy. Knowing the law permits a minor to elect a common law remedy, the employer who employs minors is put on notice to carry insurance protection to cover the personal liability of supervisory personnel, to cover itself for any cross claims for indemnity should an employee be sued for other than an intentional tort and to provide insurance protection for itself for liability based on the doctrine of respondeat superior in a situation where a minor is injured on the job as a result of the negligence or other tortious act of a co-employee.
The Appellate Division considered a minor's protection under the act in Variety Farms, Inc. v. N.J. Mfrs. Ins. Co., 172 N.J. Super. 10 (App.Div. 1980), a case involving a 13-year-old plaintiff injured while operating power-driven machinery. The court said:
This legislative concern for the welfare of minors is further exemplified in the Workers' Compensation Law, N.J.S.A. 34:15-1 et seq., which puts injured minors in a more favorable position than other employees. See N.J.S.A. 34:15-10; Chickachop v. Manpower, Inc., 84 N.J. Super. 129, 133 (Law Div. 1974): Houlihan v. Raymond, 49 N.J. Super. 85, 89 (Law Div. 1958) ... In short, the clear legislative purpose is to give the minor certain additional rights and to deprive him of none. Terlingo v. Belz-Parr, Inc., 106 N.J.L. 221, 223 (E. & A. 1929). [at 17-18]
In order to determine legislative intent in cases where statutes must be interpreted against one another, principles of statutory construction and interpretation must be considered. In Moya v. New Brunswick, 90 N.J. 491 (1982), the Court, in deciding that a statute should be interpreted broadly to allow a *275 police officer reimbursement from a municipality for legal expenses incurred in successfully defending himself against criminal charges, said:
We conclude ... that the intended legislative coverage goes beyond a literal reading of the statute. The Legislature intended through this statute to "increase the morale of police departments," Statement, Sen. Bill 26 (1946), and to encourage the effective pursuit of police duties, Van Horn v. City of Trenton, 80 N.J. 528, 536-37 (1979), by providing counsel to police officers who are the subject of charges. The statute, however, will fall short of its goal if its effect is confined to the provision of counsel only where the charges arise from the performance of the officer's duties. Police performance and morale are damaged whenever an officer is required to pay counsel to respond to unfair charges because he is an officer and unfair charges arise not only from performance of duties. They are sometimes made and often without foundation against someone, not because he or she did anything at all but solely and primarily because of his or her identity or status as a police officer .... . . (L)egislative purpose could and should be fully accomplished despite the literal terms of statute.
... The statute, therefore, has a purpose, which requires us to go beyond its literal provisions even in its most important and most common application. That purpose requires that the statutory coverage embrace not only some arrest charges outside its literal scope but status charges also. [at 500-502, 505]
In Matlack v. Burlington County Board of Chosen Freeholders, 194 N.J. Super. 359 (App.Div. 1984), the court, in discussing the trial court's decision involving an ordinance that gave authority to the freeholders to acquire conservation easements, said:
Where the drafters of a statute or ordinance did not consider or contemplate a specific situation, a court should interpret the enactment "Consonant with the probable intent of the draftsman had he anticipated the situation at hand". AMN, Inc. v. South Brunswick Tp. Rent Leveling Bd., 93 N.J. [518] at 525 [(1983)], quoting Jersey City Chapter of Property Owner's etc. Ass'n. v. City Council, 55 N.J. 86, 101 (1969). Such interpretations should not "turn on literalisms, technisms or the so-called formal rules of interpretation," but rather should rely upon the "breadth of the objectives of the legislation and the common sense of the situation." 55 N.J. at 100. See also State v. New Jersey Dairies, 101 N.J. Super. 149, 153 (App.Div. 1968). The objective is to further the legislative purpose. Property Owners Ass'n. of No. Bergen v. North Bergen Tp., 74 N.J. 327, 338 (1977). [at 361-362]
See also Girard Bank v. Mount Holly State Bank, 474 F. Supp. 1225 (D.C.N.J. 1979); Loboda v. Clark Tp., 40 N.J. 424 (1963); New Capitol Bar & Grill Corp. v. Div. of Employment *276 Sec., Dept. of Labor and Industry, 25 N.J. 155 (1957). It is on this "common sense" approach to statutory construction that this court bases its conclusions.
It is not crucial in this case to determine whether the amendment to N.J.S.A. 34:15-8 was designed to protect the employer, a co-employee or both. Since by N.J.S.A. 34:15-10, the Legislature has specifically authorized a minor to pursue a remedy at common law for the minor's protection, this court concludes the Legislature did not intend either an employer or a co-employee to find protection under the same act that allows the minor to sue them in the first place. Therefore, since the legislative purpose was to deprive the minor of no rights which he would have had at common law, Variety Farms Inc. supra, plaintiff here can maintain a cause of action against defendants, Frank Caloiero and Carmella Caloiero, individually, despite the fact they were co-employees of plaintiff.
Summary judgment for defendants, Frank Caloiero and Carmella Caloiero is, therefore, denied.