Vickie L. JENSEN as Guardian Ad Litem for Robert Jensen, a Minor, Plaintiff and Appellant,

v.

SPORT BOWL, INC., a South Dakota Corporation, and Brunswick Corporation, a Delaware Corporation, Defendants and Appellees.

Nos. 17156, 17171.

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1991.

Decided April 24, 1991.

Dennis C. McFarland, McFarland & Nicholson, Sioux Falls, for plaintiff and appellant.

Michael L. Luce, Davenport, Evans, Hurwitz & Smith, Douglas E. Hoffman of Davenport, Evans, Hurwitz & Smith (on brief), Sioux Falls, for defendant and appellee, Sport Bowl, Inc.

Richard O. Gregerson, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellee, Brunswick Corp.

SABERS, Justice.

An employed minor was injured while working at a bowling alley. Summary judgment was granted dismissing his tort action against employer on the basis of worker's compensation exclusivity. He appeals.

*Facts*

Robert Jensen was 14 years old when he went to work as a pinchaser for Sport Bowl (employer) in the fall of 1986. Part of Jensen's job was to wipe oil from automatic pinsetting machines. On November 23, 1986, between 9:30 and 10:00 p.m., Jensen lost his right index finger when the rag he was using to wipe oil from a pinsetting machine became entangled in a moving pulley.

Employer's worker's compensation carrier paid all Jensen's medical bills directly to his health care providers and sent Jensen several checks for disability benefits under SDCL Title 62. Jensen's mother, as guardian ad litem, did not cash any of the checks received from employer's insurer.

On March 25, 1988, Jensen sued employer in tort for $250,000 in compensatory damages and $500,000 in punitive damages. Two years later, the circuit court granted summary judgment for employer dismissing Jensen's action and holding as a matter of law that worker's compensation was Jensen's exclusive remedy against employer.

On appeal, Jensen argues that employer's conduct comes within the "intentional tort" exception to the worker's compensation exclusive remedy rule, and, in the alternative, even if employer's conduct was merely negligent, the illegal employment of a minor gives the minor, if injured, a cause of action at common law. Employer claims the facts pled by Jensen do not constitute an intentional tort, that the employment of a minor is insufficient to defeat worker's compensation exclusivity, and, on cross-appeal, that Jensen's action is barred by his acceptance of worker's compensation benefits.

## 1. *Intentional Tort*

■ Worker's compensation is the exclusive remedy for all on-the-job injuries to workers except those injuries intentionally inflicted by the employer. SDCL 62–3–2.[1] Under the intentional tort exception, workers may bring suit against their employers at common law only "when an ordinary, reasonable, prudent person would believe an injury was *substantially certain* to result from [the employer's] conduct." *Ver Bouwens v. Hamm Wood Products*, 334 N.W.2d 874, 876 (S.D.1983) (emphasis original).

South Dakota courts may grant summary judgment when, viewing the evidence in the light most favorable to the nonmoving party, the moving party clearly shows that there is no issue of material fact. *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968). However, a prediction that the nonmoving party will not prevail on a material issue of fact is not a sufficient basis for granting summary judgment, and it is generally not appropriate where "the standard of the reasonable [person] must be applied to conflicting testimony." 83 S.D. at 212, 213, 157 N.W.2d at 21, 22. Jensen argues that since the scope of worker's compensation preemption depends on whether an ordinary, reasonable and prudent person would believe the injury was substantially certain to result from the employer's conduct, and since this is generally a question for the trier of fact, the circuit court erred in disposing of it summarily.

Worker's compensation was designed by the legislature to be the exclusive method for compensating workers injured on the job in all but extraordinary circumstances. *See Shearer v. Homestake Min. Co.*, 557 F.Supp. 549, 552–53 (D.S.D.1983), *aff'd*, 727 F.2d 707 (8th Cir.1984). Consequently, this court construes worker's compensation statutes liberally to provide coverage even when the worker would prefer to avoid it. *S.D. Med. Service v. Minn. Mut. Fire & Cas. Co.*, 303 N.W.2d 358, 361 (S.D.1981).

An extraordinary circumstance where worker's compensation is not the exclusive remedy is where the employer intends to cause the injury suffered by the worker. However, it is "almost unanimous" among state and federal courts interpreting this exception that intent really means intent. 2A Larson, *The Law of Workmen's Compensation* § 68.13 (1990). Even the minority of state courts which attempted to expand the intentional tort exception to include willful, wanton and reckless miscon-

---

**1.** SDCL 62–3–2 provides:

The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death against his employer or any employee, partner, officer or director of such employer, *except rights and remedies arising from intentional tort.* [Emphasis added.]

duct by employers have either backtracked in later decisions or have found their earlier decisions legislatively overruled. *Id.*, § 68.15.

The majority rule construing the intentional tort exception narrowly is the law in South Dakota. Even when employers act or fail to act "with a conscious realization that injury is a *probable ...* result," worker's compensation is still the exclusive remedy for workers thereby injured. *VerBouwens,* 334 N.W.2d at 876 (emphasis original). "To establish intentional conduct, *more than the knowledge and appreciation of risk is necessary;* the known danger must ... become a *substantial certainty." Id.* (emphasis original).

Jensen's complaint alleges that an ordinary, reasonable and prudent person would believe that his injury was "substantially certain" to result from employer's conduct. However, it is not enough simply to use the right terminology invoking the intentional tort exception. The worker must also allege *facts* that plausibly demonstrate an actual intent by the employer to injure or a substantial certainty that injury will be the inevitable outcome of employer's conduct. 2A Larson, *supra,* § 68.14 (*citing Joyce v. A.C. & S., Inc.,* 785 F.2d 1200 (4th Cir. 1986); *Keating v. Shell Chemical Co.,* 610 F.2d 338 (5th Cir.1980)). "[S]ubstantial certainty should not be equated with substantial likelihood." *Beauchamp v. Dow Chemical Co.,* 427 Mich. 1, 398 N.W.2d 882, 893 (1986).

Viewing the evidence and the pleadings in a light most favorable to Jensen's case, Jensen was an inexperienced, inadequately trained, 14-year-old boy ordered by his employer, without any warning of the danger, to perform a maintenance task which the employer knew from personal experience to be risky. Even so, this does not allege the elements necessary to an intentional tort cause of action. Therefore, these facts do not come within the intentional tort exception to worker's compensation coverage as a matter of law. We affirm summary judgment in favor of employer on this issue.

### 2. *Illegally Employed Minor*

Jensen next argues that even if employer's conduct did not amount to an intentional tort but was merely negligent, Jensen has a cause of action at common law because he was not under a "contract of employment" within the meaning of SDCL 62–1–3.

SDCL 62–1–3 defines employees covered by worker's compensation as "every person, including a minor, in the services of another *under any contract* of employment, express or implied[.]" (Emphasis added.) However, under South Dakota law, any contract is "void" insofar as its object is unlawful. SDCL 53–5–3, –4. *See also* 53–9–1 and 20–2–2.

Jensen claims that he had no contract of employment with employer under SDCL 62–1–3 because the object of the purported contract violated federal and state child labor laws. Specifically, federal regulations implementing the Fair Labor Standards Act at 29 CFR §§ 570.33(b) and 570.-35(6) (1990) prohibit minors between the ages of 14 and 16 from "tending ... any power-driven machinery other than office machines" and from working later than 7:00 p.m. Moreover, SDCL 60–12–3 prohibits children under sixteen years of age from working "in any occupation dangerous to life, health, or morals[.]" This court has held that "to employ a minor under 16 to adjust a belt upon a moving piece of machinery ... and to oil and grease said machinery while in motion might well be held, as a matter of law, to amount to the employment of such child in an occupation dangerous to life within the contemplation of [SDCL 60–12–3,]" and that "employment contrary to the terms of a child labor statute is sufficient, standing alone, to establish negligence on the part of the employer in the event of an injury to the minor." *Koenekamp v. Picasso,* 64 S.D. 567, 570, 571, 269 N.W. 74, 76, 77 (S.D.1936).

Reading federal and state law together, Jensen claims that (1) his contract for employment with employer, if illegal, is outside the scope of worker's compensation coverage, and therefore, (2) whether his job with employer was illegal under state and

federal child labor laws was a material issue of fact for which summary judgment was inappropriate.

First, this is primarily a question of construing South Dakota's worker's compensation law because the federal Fair Labor Standards Act, 29 U.S.C. at §§ 203(*l*) and 212 (1988), provides no private federal cause of action for its violation which would preempt the worker's compensation laws of South Dakota. *Kube v. Kube*, 193 Neb. 559, 227 N.W.2d 860 (1975); *Breitwieser v. KMS Industries, Inc.*, 467 F.2d 1391 (5th Cir.1972), *cert. denied*, 410 U.S. 969, 93 S.Ct. 1445, 35 L.Ed.2d 705 (1973).

Secondly, whether illegally employed minors are in or out of worker's compensation's exclusive coverage has been answered differently by different jurisdictions, and even differently within the same jurisdiction at different periods in history or in different factual contexts. 1C Larson, *supra*, § 47.52(a); 81 Am.Jur.2d *Workmen's Compensation* § 165 (1976); 99 C.J.S. *Workmen's Compensation* § 113, 101 C.J.S., *supra*, § 930 (1958). While at one time case law in most jurisdictions tended to exclude illegally employed minors from worker's compensation coverage, 81 Am. Jur.2d, *supra*, § 165, most states have now statutorily included illegally employed minors in worker's compensation—and many award damages to them at double or treble the usual rate. 1C Larson, *supra*, § 47.52(a) n. 86.

In general, the ambivalent state of the law reflects the ambivalent goals of legislatures and courts in this area. On the one hand, they don't want the worker's compensation remedy used as a damages-limiting shield by businesses illegally employing children. On the other hand, they want the worker's compensation remedy available as a sword to working minors whether legally employed or not.

This is a question of first impression in South Dakota. SDCL 62–1–3 brings minors within the exclusive coverage of worker's compensation, but is silent whether this includes *illegally* employed minors. There is no case law on point, except for the general rule that worker's compensa-

tion law is to be liberally construed to provide coverage, even when the worker doesn't want it. *S.D. Med. Service v. Minn. Mut. Fire & Cas. Co.*, 303 N.W.2d at 361. Given the vagueness of South Dakota law on this point and the mixed signals from jurisdictions which have addressed the issue, we appreciate the well-reasoned approach of the Connecticut and Alaska Supreme Courts in *Blancato v. Feldspar Corp.*, 203 Conn. 34, 522 A.2d 1235 (1987) and *Whitney–Fidalgo Seafoods, Inc. v. Beukers*, 554 P.2d 250 (Alaska 1976). *See also Ewert v. Georgia Cas. & Sur. Co.* (*Ewert II*), 548 So.2d 358 (La.App.3rd Cir.), *writ denied*, 551 So.2d 1339 (La.1989). The rule emerging from these cases can be summarized as follows:

(1) All minors under a contract for employment, whether legal or illegal, may be within the scope of worker's compensation coverage.

(2) Worker's compensation is the exclusive remedy for legally employed minors injured on the job.

(3) In the case of minors illegally employed, the employment contract is not void but *voidable*. Therefore, upon injury, illegally employed minors may pursue remedies under worker's compensation or at common law, but not both.

Although the above rule appears to be the clearest and most equitable approach to this uncertain area of the law and is the statutory rule in at least four other states (Illinois, Kentucky, New Jersey and North Dakota; 1C Larson, *supra*, § 47.52(a) n. 87), we hesitate to adopt it at this time for several reasons:

(1) Worker's compensation law is a comprehensive statutory scheme designed by and best modified by the legislature.

(2) Upon review, the legislature may wish to provide illegally employed minors additional statutory remedies, such as double or treble worker's compensation benefits as many other states have done. *See* 1C Larson *supra*, § 47.52(a) n. 86.

(3) Until such time as the legislature acts, this court must be guided by the "long-standing policy to interpret work[er's] compensation statutes liberally ... [to provide coverage even if] the worker is attempting to avoid coverage." *S.D. Med. Service v. Minn. Mut. Fire & Cas. Co.*, 303 N.W.2d at 361.

Accordingly, we affirm the trial court on this issue also and need not reach the notice of review issue concerning election of remedies by acceptance of benefits.

Affirmed.

MILLER, C.J., WUEST, J., and HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, concur specially.

HENDERSON, J., concurs in result.

AMUNDSON, J., not having been a member of the Court at the time this case was considered, did not participate.

WUEST, Justice (concurring specially).

I concur with the majority on the intentional tort issue. Jensen's pleadings fail to meet the intent requirement of the intentional tort exception.

I concur specially on the second issue. "[E]very person, including a minor, ... under *any contract of employment*" is an employee covered by workers' compensation. SDCL 62–1–3 (emphasis added). We must construe workers' compensation statutes liberally to provide coverage. *S.D. Med. Serv.*, 303 N.W.2d at 361. Construed liberally, the "any contract of employment" language of SDCL 62–1–3 should be understood to include "voidable" employment contracts entered into with minors.

With the exception of intentional torts, workers' compensation is an employee's exclusive remedy for injury arising out of the course of employment. SDCL 62–3–2. The vast majority of jurisdictions hold that workers' compensation is the exclusive remedy for illegally employed minors, and therefore, such coverage bars suit for damages. *See, i.e., Hill v. Moskin Stores, Inc.*, 52 Del. 424, 159 A.2d 299, *aff'd*, 53 Del.

117, 165 A.2d 447 (1960); *Lockard v. St. Maries Lumber Co.*, 76 Idaho 506, 285 P.2d 473 (1955); *Rasi v. Howard Mfg. Co.*, 109 Wash. 524, 187 P. 327 (1920); *Bingham v. Lagoon Corp.*, 707 P.2d 678 (Utah 1985); *Foundry Appliance Co. v. Ratliff*, 113 Ohio St. 1, 148 N.E. 237 (1925); *Winn–Lovett Tampa, Inc. v. Murphree*, 73 So.2d 287 (Fla.1954); *Carlton v. Parker Dairy Co.*, 367 Mich. 23, 116 N.W.2d 212 (1962); *Allossery v. Employers Temporary Serv., Inc.*, 88 Mich.App. 496, 277 N.W.2d 340 (1979); *Danek v. Meldrum Mfg. & Engineering Co., Inc.*, 312 Minn. 404, 252 N.W.2d 255 (1977); *Balogh v. Ladanye*, 59 N.J.Super. 132, 157 A.2d 350 (1960), *but see Thompson v. Family Godfather, Inc.*, 212 N.J.Super. 270, 514 A.2d 875 (Law Div. 1986) (new statute); *O'Rourke v. Long*, 41 N.Y.2d 219, 359 N.E.2d 1347, 391 N.Y.S.2d 553 (1976); *Lengyel v. Bohrer*, 372 Pa. 531, 94 A.2d 753 (1953); *Gaston v. San Ore Constr. Co.*, 206 Kan. 254, 477 P.2d 956 (1970). *See generally* 1 C Larson, Workmen's Comp. Law § 47.52(a). Such analysis is consonant with the purpose and policy of workers' compensation.

MILLER, C.J., and HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, join this special writing.

HENDERSON, Justice (concurring in result).

As I read the clear implications of the majority opinion, it is obvious that said opinion would, by judicial suggestion, have the South Dakota State Legislature amend the Worker's Compensation Law of this state. Apparently the underlying theme is based upon some vacuous social result. In my opinion, social policy should be the function of our state lawmakers. In essence, it appears the majority opinion has subjective design rather than objective interpretation of the pertinent state code sections.

Mr. Justice Felix Frankfurter, in a scholarly dissertation, found at 47 Colum.L.Rev. 527, 527–34, 538–45 (1947), expressed:

> To go beyond it [the statute] is to usurp a power which our democracy has lodged in its elected legislature. The great

judges have constantly admonished their brethren of the need for discipline in observing the limitations. A judge must not rewrite a statute, neither to enlarge nor to contract it. Whatever temptations the statesmanship of policy-making might wisely suggest, construction must eschew interpolation and evisceration. He must not read in by way of creation. He must not read out except to avoid patent nonsense or internal contradiction.

There is grist for the mill in the many authorities cited by Justice Wuest. They are absolutely pertinent to illegally employed minors. We expressed, inter alia, in *South Dakota Medical Services, Inc. v. Minnesota Mutual Fire & Casualty,* cited by Justice Wuest, that *we must further the best interests of workers in general,* despite the protestations of a particular employee who seeks to avoid coverage and then gamble upon the exigencies of civil litigation. The Utah Supreme Court in *Bingham v. Lagoon Corp.,* 707 P.2d 678, 679 (Utah 1985) expressed that a policy of inclusion must be applied in cases involving minors allegedly employed in violation of child labor laws. This was the rationale:

> [The Worker's Compensation Act], while barring tort actions, protects minors and covers them, even if they are illegally employed. *A minor who suffers injury ... is compensated without regard to notions or fault. Without the expanded scope of that section, [the minor employee] would be required to prove at trial [the employer's] act or failure to act was the direct and proximate cause of her injury.* By including illegally employed minors within its coverage, worker's compensation insures that an insured minor employee will be compensated for injuries without the expense or uncertainty of suing in tort. (emphasis supplied mine).

Unfortunately, the majority opinion favors one way (supporting a position announced by four respectable authorities) and then holds another way ("We hesitate to adopt it") by expressing three "reasons." These three "reasons" are all suggestions to our State Legislature by phraseology that the social policy be (1) "modified" or (2) employs language such as "the legislature may wish" and (3) further expresses "until such time as the legislature acts." These are plainly not legal reasons. They are not rationale; rather, they are subjective, social design.

Chief Judge Cardozo, one of the great American masters of the law, expressed on such type of judicial function:

> We do not pause to consider whether a statute differently conceived and framed would yield results more consonant with fairness and reason. We take this statute as we find it.

Robert Jensen's employment was covered under the existing South Dakota Worker's Compensation Law. There is a great deal to be said, as I conclude, for applying the facts of this case to existing law and to insure that minors similarly situated will, indeed, recover for his/her work related injuries. To follow the path of the law, as suggested by the majority opinion, could be a dangerous and expensive journey creating unforetold expense and uncertainty via the tort/trial route, for minors. Lawmaking, by the Legislature, knows little bounds, except by unconstitutional declaration by the judicial branch; a judge is confined by the record in the case and the law that exists at the time the cause of action arose. Have we, as an appellate body, the right, within the triad of constitutional government, to suggest social policy? I think not.

HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, joins this special writing.